ary Board pursuant to Rule 214(f)(1), Pa. R.D.E.

■

**In the Matter of Kenneth R. GROSS, Petition for Reinstatement.**

**No. 49 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

April 19, 2002.

*ORDER*

PER CURIAM.

AND NOW, this 19th day of April, 2002, upon consideration of the Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated February 25, 2002, the Petition for Reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement.

**Mr. Justice Saylor dissents, as he would, at a minimum, adopt the recommendation of the Hearing Committee that an independent auditor audit petitioner's handling of client funds for a period of three years and submit a report to the Board.**

■

**MOTORISTS MUTUAL INSURANCE COMPANY**

v.

**Holly Lynn PINKERTON, Paul R. Pinkerton, P.G. Publishing Company, Francis E. Pferdehirt, Mark R. Interthal, and National Union Fire Insurance Company,**

**Petition of Mark R. Interthal.**

Supreme Court of Pennsylvania.

April 23, 2002.

***ORDER***

PER CURIAM.

**AND NOW,** this 23rd day of April 2002, the Petition for Allowance of Appeal is hereby **GRANTED.**

It is further ordered that this matter be consolidated with *State Farm Fire and Casualty Co. v. Craley,* 28 MAP 2002; *Prudential Property and Casualty Insurance Co. v. Hasson,* 42 MAP 2002, —— Pa. ——, —— A.2d —— and *Homestead Insurance Co. v. Penjerdel Refrigeration Co.,* 48 MAP 2002, —— Pa. ——, —— A.2d ——.